## PELTON v. AMERICAN AUTO HEATER CO.

(Circuit Court of Appeals, Second Circuit. December 12, 1916.)

No. 94.

PATENTS ⊚⇒328—INFRINGEMENT—ENGINE EXHAUST HEATER.

The Kempshall patent, No. 670,080, for a device for using engine exhaust for heating purposes as limited by its specific description of the device, *held* not infringed.

Appeal from the District Court of the United States for the Western District of New York.

Suit in equity by Clyde S. Pelton against the American Auto Heater Company. Decree for defendant, and complainant appeals. Affirmed.

The action is upon the single claim of the Kempshall patent, No. 670,080, of March 19, 1901, for a "device for utilizing engine exhaust for heating purposes."

The specification declares that the invention relates "to an improvement in engines for use in motor carriages, and has especial reference to that class of engines which are internally explosive." It also states that the patentee desires to utilize "exhaust gas or steam" for heating purposes, and that the device is "equally applicable to engines in which steam is employed as the motive force." Decree was based (as appears from the opinion only) solely on noninfringement.

The claim in suit is as follows:

"The combination with an engine, of two mufflers adapted to receive the exhaust therefrom, one thereof situated to serve for heating purposes, independent connections between said mufflers and the exhaust of the engine, and valves for controlling each of said independent connections, whereby either one of said mufflers may be employed according as heating is desired, substantially as described."

Melville Church, of Washington, D. C., for appellant.
William Macomber, of Buffalo, N. Y., for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). The court below did not specifically pass upon the validity of the patent, nor do we express any opinion thereupon.

After decision below, but before final decree, and on May 18, 1916, a disclaimer was filed striking out of the specification all reference to the use of the patented device with or in steam engines. The evident purpose of this was to limit the inventive thought to a heating apparatus in conjunction with what are commonly called "gas engines," as distinct from those steam driven. The validity of this disclaimer we do not find it necessary to pass on, and shall assume that the patent is to be construed as it would have been if the matters sought to be disclaimed "had never been included in the description of the invention, or the claims of the specification." Schwarzwalder v. New York Filter Co., 66 Fed. 158, 13 C. C. A. 380; Dunbar v. Meyers, 94 U. S. 194, 24 L. Ed. 34.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The patentee does not pretend to have devised a new muffler or mufflers; indeed, he recommends the use of a style covered by an earlier patent referred to in his specification.

He shows two mufflers (preferably of another man's style), one situated in the usual place (i. e., in proximity to the actuating machinery), and another and (so far as the patent shows) identical muffler situated in or under the body of the carriage, and connected with the engine cylinders by long pipes branching from the exhaust. By these pipes the products of combustion are to be conveyed far enough from the engine, to enable the passengers in the coach to warm themselves at the second muffler. The noise of the exhaust is lessened or silenced, in the same manner and by an identical device, no matter whether the weather be hot or cold, or what muffler be connected with the exhaust. This result is reached by "valves for controlling" the passage of the heated gases, and these valves as shown are of the ordinary screw type. The method of heating is to cut off the warm weather muffler by means of a valve at each end thereof and open two valves on branch pipes from the exhausts, thus permitting the gases to flow into the heater muffler.

Reading this patent as though Kempshall had never said anything about steam engines, it is just as true as before that the patent is to be interpreted in the light of the prior art. This phrase means (at least) the sum total of all such achievements and facts made public before the date of invention, as enable or tend to enable skilled men to do what the patentee claims as his invention, and of all facts and achievements that render easier the doing thereof.

It cannot be denied that a knowledge of how to minimize or silence the noise of a steam exhaust, or to use the products of combustion in a locomotive furnace for heating purposes, go far to enable any skilled mechanic to attack if not to solve the problem laid before Kempshall; for "explosion," as that term is used in relation to gasoline engines, is but an accelerated combustion, and many problems of explosion engines are identical with those of steam.

It follows that a considerable number of patented devices introduced in evidence are to be considered as prior art in relation to this patent, even admitting the validity of the disclaimer. Of them it is enough to say that Scott, 381,647, and Healey, 491,482, clearly show arrangements for utilizing steam engine exhausts of such a nature as to greatly limit the field of invention open for the utilization of any exhaust; while Pennington, 570,441, shows that it was not new to utilize for heating purposes the particular kind of exhaust incident to an explosion engine.

But it hardly needs consideration of the prior art to perceive the limitations of this patent. The patentee has limited it himself, for he claims nothing but a combination so specifically described as to render it necessary to hold that the only novelty asserted is the means described, of shutting off the primary muffler when using the heater; and such was the decision below.

This defendant uses the ordinary exhaust pipe in proximity to the engine, from that a branch leads backward, which becomes a heating coil that in turn discharges into a second muffler. This second muffler is not a heater, nor are there independent connections between the two mufflers and the exhaust. The defendant's single valve is not only different in construction, but it is so arranged that it can never entirely close the main exhaust, and is therefore unable to perform the function of the two sets of valves which are an essential feature of the patent in suit.

Upon the ground of noninfringment the decree is affirmed, with costs.

5. PATENTS &#9758;328—CONSTRUCTION—INFRINGEMENT.
   The Clarke patent, No. 1,035,819, for an improved union suit undergarment, construed, and *held* in view of the prior art and patents not to disclose patentable invention with respect to the claim of a closed crotch of a double thickness of elastic material and so not infringed by defendants.

&#9758;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes